UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERRY WHITTED,   CASE NO.:

     Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,
a Foreign Profit Corporation,

     Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TERRY WHITTED ("Mr. Whitted" or "Plaintiff"), files this complaint against Defendant, WAL-MART ASSOCIATES, INC. ("WM" or "Defendant"), and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, punitive damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as Plaintiff's ADA and FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Orange County, Florida.

5. Defendant is a Foreign Profit Corporation Company that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of this Court.

6. Plaintiff worked for Defendant in Orange County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) plaintiff suffered from a serious health

condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11. On or around May 27, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. On or around August 5, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Mr. Whitted worked for WM, most recently as an IT Supervisor in Shipping and Receiving, at WM's Specialty Pharmacy location in Orlando, Florida, from June 4, 2012, until his termination on October 27, 2020.

17. During his many years with WM, Mr. Whitted was an excellent, employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

18. As WM has been aware for many years, Mr. Whitted suffers from disabilities and chronic, serious health conditions, specifically hypertension and diabetes.

19. During his last six (6) months of employment, Mr. Whitted's blood glucose levels were frustratingly volatile, causing flare-ups of his diabetes, and required close monitoring and intervention by his treating physicians.

20. To that end, Mr. Whitted applied, and was approved for, intermittent unpaid FMLA leave in order to treat and address his diabetes.

21. In the early Fall of 2020, Mr. Whitted discussed his disabilities and serious health conditions with his WM Manager, Nicole Waters.

22. During this conversation, Mr. Whitted advised Ms. Waters of reasonable accommodations based on that his blood glucose levels had recently been volatile, and that his treating physicians needed to see him more often that his medications could be titrated and dosed appropriately, and so that his condition could be monitored properly.

23. Mr. Whitted further noted that flare-ups of his disabilities and chronic, serious health conditions would cause him to have to miss work on occasion, explaining his application for intermittent unpaid FMLA leave.

24. Mr. Whitted suffered a flareup of his disabilities and chronic, serious health conditions in mid-October of 2020, and availed himself of unpaid FMLA leave from October 19, 2020, through October 22, 2020, in order to treat and address his disabilities and conditions.

25. Very shortly thereafter, on October 27, 2020, WM General Manager Jennifer Emsden informed Mr. Whitted that WM had decided to terminate his employment, effective immediately.

26. As a result of the permanent nature of Mr. Whitted's medical conditions and need for continuing treatment qualify it both as a protected disability under the ADA and FCRA, as well as a serious health condition under the FMLA.

27. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

5

28. Mr. Whitted's requests for reasonable accommodation/leave is considered "protected activity," under the FMLA, the ADA, and the FCRA.

29. It is clear that Mr. Whitted's discharge was a result of WM's retaliation based on Mr. Whitted's requests for accommodation for his disabilities, Mr. Whitted's disabling, serious health conditions, and Mr. Whitted's need for intermittent unpaid FMLA leave in order to treat and address same.

30. Any other "reason" theorized by WM for Mr. Whitted's discharge is pure pretext.

31. WM's adverse employment action recounted herein was taken in interference with, and retaliation for, Mr. Whitted disclosing his serious health conditions, and utilizing FMLA leave to treat and address same.

32. Because WM terminated Mr. Whitted during his use of FMLA leave it interfered with what should have been protected utilization of intermittent FMLA leave to treat and address his chronic, serious health conditions, WM's adverse employment actions also constituted blatant FMLA interference and retaliation.

33. Mr. Whitted was unquestionably engaging in statutorily protected conduct by advising WM of his serious health conditions and utilizing intermittent unpaid leave pursuant to the FMLA in order to address the conditions.

34. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

35. The timing of Plaintiff's use of protected FMLA leave, and Defendant's discharge of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

36. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of protected FMLA leave.

37. Defendant also discriminated against Mr. Whitted due to his disability, and retaliated against him due to his requests/utilization of reasonable accommodations.

38. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship.

39. Mr. Whitted is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job.

40. Allowing Mr. Whitted to utilize a period of unpaid leave without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

41. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

42. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

43. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

44. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

45. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

46. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

47. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

48. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

49. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

50. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

51. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

52. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 16-36, and 50-52, above.

54. At all times relevant hereto, Plaintiff was protected by the FMLA.

55. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

56. At all times relevant hereto, Defendant interfered with Plaintiff by harassing him every time he undertook leave and dissuading him from taking FMLA leave.

57. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

58. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4-8, 16-36, and 50-52, above.

60. At all times relevant hereto, Plaintiff was protected by the FMLA.

61. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

62. At all times relevant hereto, Defendant retaliated against Plaintiff for using FMLA leave and for attempting to utilize FMLA-protected leave.

63. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise his rights to take approved leave pursuant to the FMLA.

64. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-19, 21-30, 37-50, and 52 above.

67. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

68. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

69. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

71. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

72. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

73. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-19, 21-30, 37-50, and 52 above.

74. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

75. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

76. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

79. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

80. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-19, 21-30, 37-50, and 52 above.

81. Plaintiff was terminated within close temporal proximity of his requests for reasonable accommodations to Defendant.

82. Plaintiff's requests for reasonable accommodation constituted protected activity under the ADA.

83. Plaintiff was terminated as a direct result of his requests for reasonable accommodations.

13

84. Plaintiff's objections to Defendant's illegal conduct as well as his requests for accommodations, and his termination, are causally related.

85. Defendant's stated reasons for Plaintiff's termination are a pretext.

86. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

88. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

89. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

90. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3-6, 9-19, 21-30, 37-50, and 52 above.

91. Plaintiff was terminated within close temporal proximity of his requests for reasonable accommodations based on his disability.

92. Plaintiff's requests for accommodations constituted protected activity under the FCRA.

93. Plaintiff was terminated as a direct result of his requests for reasonable accommodations.

94. Plaintiff's his requests for reasonable accommodation, and his termination, are causally related.

95. Defendant's stated reasons for Plaintiff's termination are a pretext.

96. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

98. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

99. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 21st day of October, 2022.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*